**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN DEAN PARKS,

            Plaintiff - Appellant,

    v.

E. McEVOY,

            Defendant - Appellee.

No. 15-15334

D.C. No. 3:12-cv-05094-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

    Steven Dean Parks, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendant violated his Eighth Amendment rights.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2013), and we affirm.

The district court properly granted summary judgment on Parks's Eighth Amendment deliberate indifference to safety claim because Parks failed to raise a genuine dispute of material fact as to whether defendant knew of and disregarded an excessive risk to Parks's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a claim for deliberate indifference requires that the official "knows of and disregards an excessive risk to inmate . . . safety"); *see also Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995) (explaining that a verified complaint only functions as an opposing affidavit where it is "based on personal knowledge and set[s] forth specific facts admissible in evidence").

We reject Parks's contentions that the district court violated his due process rights by considering the rules violation report, and violated his right to discovery.

We do not consider Parks's allegations regarding a deliberate indifference to serious medical needs claim, which was raised for the first time on appeal, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam), nor do we consider any "[d]ocuments or facts [that were] not presented to the district court." *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Parks's motions for entry of default, filed on August 13, 2015 and August

14, 2015, are denied.

**AFFIRMED.**